**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS LONDON, EACH SEVERALLY SUBSCRIBING TO INSURANCE POLICIES EACH FOR HIS OWN PART AND NOT ONE FOR THE OTHER NUMBERED AE2141B AND VS5057L, et al. | ) ) ) ) ) ) ) | Case No. 1:06-cv-00731-GK |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| GREAT SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, a/k/a LIBYA, et al. | ) ) ) | |
| Defendants. | ) ) | |
| CERTAIN UNDERWRITERS AT LLOYDS LONDON, EACH SEVERALLY SUBSCRIBING TO INSURANCE POLICIES EACH FOR HIS OWN PART AND NOT ONE FOR THE OTHER NUMBERED AE2141B AND VS5057L, et al. | ) ) ) ) ) ) ) ) | Case No. 1:08-cv-00504-GK |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| GREAT SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, a/k/a LIBYA, et al. | ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS DUPLICATIVE COMPLAINT

Defendants, Great Socialist People's Libyan Arab Jamahiriya, Libyan Internal Security,

Libyan External Security, Mu'Ammar Al-Qadhafi, Abdallah Al-Sanusi, and Ibrahim Al-Bishari[1]

---

[1] Undersigned counsel has entered their appearance on behalf of Defendant Ibrahim Al-Bishari in the matter *Certain Underwriters at Lloyds London v. Great Socialist People's Libyan Arab Jamahiriya*, Case No. 1:06-cv-

(the "Libyan Defendants"), by undersigned counsel, respectfully move this Court, pursuant to the Court's Order of July 15, 2008, for an order dismissing the either the Second Amended Complaint in *Certain Underwriters at Lloyds London v. Great Socialist People's Libyan Arab Jamahiriya*, Case No. 1:06-cv-00731 (hereinafter "*Lloyds I*") or the Complaint in *Certain Underwriters at Lloyds London v. Great Socialist People's Libyan Arab Jamahiriya*, Case No. 1:08-cv-00504 (filed March 24, 2008) (hereinafter "*Lloyds II*") on the grounds that they are wholly duplicative of each other, at Plaintiffs' election.

In support of their motion, Defendants respectfully submit the accompanying Memorandum of Points and Authorities.

Respectfully Submitted,

**ECKERT SEAMANS CHERIN
& MELLOTT, LLC**

By:       */s/ Thomas J. Whalen*
Thomas J. Whalen, Esq. (Bar No. 208512)
Mark A. Johnston, Esq. (Bar No. 455764)
1747 Pennsylvania Ave., N.W.,
Twelfth Floor
Washington, D.C. 20006
(202) 659-6600
twhalen@eckertseamans.com
mjohnston@eckertseamans.com

---

00731 only.  Pursuant to the parties' Joint Praecipe filed herein (Dckt. No. 71), undersigned counsel is not authorized to accept service on behalf of Mr. Al-Bishari in the matter *Certain Underwriters at Lloyds London v. Great Socialist People's Libyan Arab Jamahiriya*, Case No. 1:08-cv-00504 and does not file the instant motion on his behalf in that action.

2

Wendy West Feinstein, Esq. (Pa ID No. 86698)
*Admitted Pro Hac Vice*
600 Grant Street
44th Floor
Pittsburgh, PA  15219
(412) 566-6000
wfeinstein@eckertseamans.com

Counsel for Defendants, Great Socialist People's
 Libyan Arab Jamahiriya, Libyan Internal
 Security, Libyan External Security, Mu'Ammar
 Al-Qadhafi, Abdallah Al-Sanusi, and Ibrahim
 Al-Bishari

Dated:  July 25, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS LONDON, EACH SEVERALLY SUBSCRIBING TO INSURANCE POLICIES EACH FOR HIS OWN PART AND NOT ONE FOR THE OTHER NUMBERED AE2141B AND VS5057L, et al. | ) ) ) ) ) ) ) | Case No. 1:06-cv-00731-GK |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| GREAT SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, a/k/a LIBYA, et al. | ) ) ) | |
| Defendants. | ) ) | |
| | ) ) | |
| CERTAIN UNDERWRITERS AT LLOYDS LONDON, EACH SEVERALLY SUBSCRIBING TO INSURANCE POLICIES EACH FOR HIS OWN PART AND NOT ONE FOR THE OTHER NUMBERED AE2141B AND VS5057L, et al. | ) ) ) ) ) ) ) ) | Case No. 1:08-cv-00504-GK |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| GREAT SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, a/k/a LIBYA, et al. | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS DUPLICATIVE COMPLAINT**

Pursuant to the Court's Order dated July 15, 2008 (Dkt. No. 73) authorizing the Libyan

Defendants to file a motion to dismiss focused solely on whether these actions are duplicative

(while reserving any and all other rights, immunities and defenses), Defendants, Great Socialist

People's Libyan Arab Jamahiriya, Libyan Internal Security, Libyan External Security,

Mu'Ammar Al-Qadhafi, Abdallah Al-Sanusi, and Ibrahim Al-Bishari (the "Libyan Defendants")

hereby submit that the matters of *Certain Underwriters at Lloyds London v. Great Socialist*

*People's Libyan Arab Jamahiriya*, Case No. 1:06-cv-00731 (hereinafter "*Lloyds I*") and *Certain*

*Underwriters at Lloyds London v. Great Socialist People's Libyan Arab Jamahiriya*, Case No.

1:08-cv-00504 (filed March 24, 2008) (hereinafter "*Lloyds II*") are wholly duplicative of one

another and respectfully move the Court to dismiss either *Lloyds I* or *Lloyds II*, at Plaintiffs'

election.

## I.    INTRODUCTION

On April 21, 2006, Plaintiffs filed the *Lloyds I* action on behalf of thirteen insurance

carriers.  On November 9, 2006, Plaintiffs filed their First Amended Complaint in *Lloyds I*.  The

First Amended Complaint purported to allege that the Defendants (including the Libyan

Defendants) provided material support to those responsible for the November, 23 1985 hijacking

of EgyptAir Flight 648 in Malta, and that Plaintiffs provided insurance policies that covered the

hull of the aircraft owned by EgyptAir.  Following the January 2008 amendments to the Foreign

Sovereign Immunities Act, Plaintiffs sought leave to file a Second Amended Complaint in

*Lloyds I* to add new claims under those new amendments.  In their Motion for Leave, Plaintiffs

stated "***[s]hould the Court not grant Plaintiffs' leave***, then Plaintiffs will file a new related

action under 28 U.S.C. [§] 1605A(c) against these same defendants . . ."  *See* Pl.'s Mtn. for

Leave to Amend at 5, attached hereto as Exhibit A. (emphasis added).  This Court granted

Plaintiffs leave to amend the *Lloyds I* complaint on March 28, 2008, and Plaintiffs filed their

Second Amended Complaint on that same date.

According to the purported allegations of the Second Amended Complaint, Plaintiffs are thirteen insurance carriers who allegedly made payments on certain policies for property damage arising from the 1985 hijacking of Flight 648.  Plaintiffs allege that they provided insurance policies that covered the hull of the aircraft owned by EgyptAir.  Plaintiffs allege that Defendants (including the Libyan Defendants) provided material support to the Abu Nidal Organization ("ANO") terrorists responsible for carrying out the attack.  The Second Amended Complaint in *Lloyds I* sets forth four counts: a claim under 28 U.S.C. § 1605A(d) (Count I), as well as common law claims of conversion, trespass and aircraft piracy (Counts II-IV).

On March 24, 2008, Plaintiffs filed the *Lloyds II* action. The *Lloyds II* Complaint is identical to the *Lloyds I* Second Amended Complaint: the same thirteen Plaintiffs are suing the same Defendants, and Plaintiffs set forth the same four counts — in exactly the same order — arising from the same events. Compare *Lloyds I* Second Amended Complaint (Dkt. No. 60) (setting forth allegations and counts identified above) with *Lloyds II* Complaint (identifying parties and alleging same claims as alleged in *Lloyds I*); *see also* Joint Mtn. to Amend Briefing Schedule (Dckt. No. 72) at 1 (". . . the Complaint in *Certain Underwriters at Lloyds London v. Great Socialist People's Libyan Arab Jamahiriya*, Civil Action No. 08-504-GK (hereinafter "Lloyds II") . . . is identical to the Second Amended Complaint in [*Lloyds I*]").

Plaintiffs' only stated basis for maintaining both actions is that:

> the Libyan defendants have questioned whether the Plaintiffs may (a) amend and (b) proceed in this action under 28 U.S.C. § 1605A pursuant to a Second Amended Complaint, which the Court has permitted to be filed.  Accordingly, Plaintiffs maintain that in order to fully preserve their various clients' interests and rights, both the [Lloyds I] action and the [Lloyds II] action must continue to remain as active case matters and operational Civil Actions within the Court

*See* Joint Praecipe at 4, attached hereto as Exhibit B.  Plaintiffs' argument is without merit.  For

the reasons set forth below, Defendants respectfully move this Court for an order dismissing

either *Lloyds I* or *Lloyds II*, at Plaintiffs' election.

## II.    ARGUMENT

A "plaintiff has 'no right to maintain two separate actions involving the same subject

matter at the same time in the same court against the same defendant.'"  *Zerilli v. Evening News*

*Ass'n,* 628 F.2d 217, 222 (D.C. Cir. 1980) (quoting *Walton v. Eaton Corp.,* 563 F.2d 66, 70 (3d

Cir. 1977).  "The pendency of a prior action pending in the same federal court is grounds for

abatement of the second action…[t]here is no reason why a court should be bothered or a litigant

harassed with duplicating lawsuits on the same docket."  *Walton,* 563 F.2d at 70.  "It is enough if

one complete adjudication of the controversy be had."  *Sutcliffe & Warehouse Co. v. United*

*States,* 162 F.2d 849, 852 (1ˢᵗ Cir. 1947).  Plaintiffs do not have a right to maintain duplicative

actions, and the filing of such duplicative actions, if allowed, hampers and adversely affects the

efficacy and administration of a docket.  Accordingly, this Court should dismiss one of

Plaintiffs' duplicative actions.

In *Zerilli*, the plaintiffs brought two identical sets of claims against certain public

officials, among others, for alleged violations of the plaintiffs' constitutional rights.  The district

court dismissed these new claims because the plaintiffs had already asserted the same claims

against the defendants in a pending lawsuit.  *Id.* at 222.  The D.C. Circuit affirmed, holding that a

plaintiff is not entitled to maintain duplicative claims against the same defendant. *Id.* ("Judge

Gasch did not err in dismissing this claim, for a plaintiff has 'no right to maintain two separate

actions involving the same subject matter at the same time in the same court against the same

defendant.'") (quoting *Walton*, 563 F.2d at 70).  Similarly, in *Mendlow*, the D.C. Circuit rejected

4

the district court's basis for dismissal but affirmed the dismissal anyway on the basis that the

claims were duplicative.  The district court had dismissed the action *sua sponte* for failure to

prosecute without first notifying the plaintiff that dismissal was imminent.  *Mendlow,* 1999 WL

187762, at *1.  When the plaintiff appealed the dismissal, the D.C. Circuit agreed that the district

court should have given plaintiffs notice before dismissing the suit for failure to prosecute, but it

affirmed the judgment of dismissal because "[a]ppellant's complaint raises identical claims as

those asserted by appellant in [an earlier case]."  *Id.*  As the D.C. Circuit stated, "[a]n action may

be dismissed 'for reasons of wise judicial administration…whenever it is duplicative of a parallel

action already pending in another federal court.'"  *Id*. (citation omitted).  Just as in *Zerilli*, the

Court should dismiss one set of the duplicative claims.

    The interests of judicial economy mandate the dismissal of duplicative actions.  "The

concern is to avoid the waste of duplication…and to avoid piecemeal resolution of issues which

call for a uniform result."  *Entines v. United States,*  495 F. Supp. 2d 84, 85 (D.D.C. 2007).

"Dismissal of [a] duplicative lawsuit more so than the issuance of a stay or an enjoinment of

proceedings, promotes judicial economy and the comprehensive disposition of litigation."

*Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 692 (9th Cir. 2007).

    As in *Entines*, Plaintiffs have initiated wholly duplicative actions in *Lloyds I* and *Lloyds*

*II*, as both involve identical parties, causes of action, and factual bases, and in this case, are even

in the same federal court.  Indeed, *Lloyds I* and *Lloyds II*  share what the *Adams* Court deems "a

common transactional nucleus of facts."  *Adams,* 487 F.3d at 689.  As such, the principle remains

the same – duplicative actions hamper judicial administration, congest dockets, dilute and

deplete judicial resources, and potentially create piecemeal resolution of issues that call for a

uniform result.  Consequently, in the interests of judicial economy and efficacy, either the *Lloyds I* or *Lloyds II* must be dismissed.

It is undisputed that district courts retain broad discretion to control their dockets. *Adams,* 487 F.3d at 688.  However, within this broad discretion it is uniformly recognized that a "district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Id.*  In *Adams*, "the district court acted within its discretion in dismissing Adam's duplicative complaint with prejudice and preventing her from 'fragmenting a single cause of action and litigating piecemeal issues which could have been resolved in one action.'" *Id.* at 694 (quoting *Flynn v. State Bd. of Chiropractic Exam'rs*, 418 F.2d 668, 668 (9th Cir. 1969)).  In this case, the Court, in its discretion, should not prejudice the Libyan Defendants by authorizing Plaintiffs to maintain a duplicative action.  Rather, Plaintiffs' should be limited to a single lawsuit against the Libyan defendants in which they assert their claims arising from the facts alleged in *Lloyds I*.  Moreover, as shown above, allowing plaintiffs to maintain two actions would be contrary to tenets of judicial economy and the comprehensive disposition of litigation.  The D.C. Circuit has explicitly endorsed the dismissal of wholly duplicative claims explaining that plaintiffs retain ***no such right*** to maintain duplicative claims in the same court, involving identical subject matter and against the same defendant. *Zerilli,* 628 F.2d at 222.

Finally, the D.C. Circuit recently issued a comprehensive and authoritative decision addressing the operation of the new statute.  *See Simon v. Republic of Iraq,* ---F.3d ----, No. 06-7175, 2008 WL 2497417 (D.C. Cir. June 24, 2008) (interpreting Section 1605A).  Thus,

plaintiffs cannot reasonably rely upon any uncertainty as to the proper interpretation of Section

1605A as a basis for maintaining both duplicative actions.

In order to avoid any potential prejudice and unfairness, the Libyan Defendants suggest

that this Court permit Plaintiffs to choose which one of the two actions may go forward, either

*Lloyds I* or *Lloyds II*.  But Plaintiffs should not be permitted to proceed with both duplicative

actions, and neither the Libyan Defendants nor the Court should be burdened with the

administration of two duplicative actions.

**III.    CONCLUSION**

For the foregoing reasons, the Libyan Defendants respectfully move this Court to dismiss

either the *Lloyds's I* or *Lloyd's II* action --  at Plaintiffs' election -- because the actions are

wholly duplicative of one another.

Respectfully Submitted,

**ECKERT SEAMANS CHERIN
   & MELLOTT, LLC**

By:          */s/ Thomas J. Whalen*
             Thomas J. Whalen, Esq. (Bar No. 208512)
             Mark A. Johnston, Esq. (Bar No. 455764)
             1747 Pennsylvania Ave., N.W.,
             Twelfth Floor
             Washington, D.C. 20006
             (202) 659-6600
             twhalen@eckertseamans.com
             mjohnston@eckertseamans.com

Wendy West Feinstein, Esq. (Pa ID No. 86698)
*Admitted Pro Hac Vice*
600 Grant Street
44th Floor
Pittsburgh, PA  15219
(412) 566-6000
wfeinstein@eckertseamans.com

Counsel for Defendants, Great Socialist People's
  Libyan Arab Jamahiriya, Libyan Internal
  Security, Libyan External Security, Mu'Ammar
  Al-Qadhafi, Abdallah Al-Sanusi, and Ibrahim
  Al-Bishari

Dated:  July 25, 2008

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copies of the foregoing **Motion to Dismiss Duplicative Complaint, Memorandum of Points and Authorities and Proposed Order** were electronically filed and served, this 25th day of July, 2008, to:

> Richard D. Heideman
> Noel J. Nudelman
> Tracy Reichman Kalik
> Heideman Nudelman & Kalik, P.C.
> 1146 19th Street, NW
> 5th Floor
> Washington, DC 20036
>
> Steven R. Perles
> Edward MacAllister
> PERLES LAW FIRM, P.C.
> 1146 19th Street, NW
> 5th Floor
> Washington, DC 20036

                        _/s/ Thomas J. Whalen_
                          Thomas J. Whalen

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS LONDON, EACH SEVERALLY SUBSCRIBING TO INSURANCE POLICIES EACH FOR HIS OWN PART AND NOT ONE FOR THE OTHER NUMBERED AE2141B AND VS5057L, et al. | ) ) ) ) ) ) ) | Case No. 1:06-cv-00731-GK |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| GREAT SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, a/k/a LIBYA, et al. | ) ) ) | |
| Defendants. | ) ) | |
| CERTAIN UNDERWRITERS AT LLOYDS LONDON, EACH SEVERALLY SUBSCRIBING TO INSURANCE POLICIES EACH FOR HIS OWN PART AND NOT ONE FOR THE OTHER NUMBERED AE2141B AND VS5057L, et al. | ) ) ) ) ) ) ) ) | Case No. 1:08-cv-00504-GK |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| GREAT SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, a/k/a LIBYA, et al. | ) ) ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Having reviewed and considered Defendants, Great Socialist People's Libyan Arab

Jamahiriya, Libyan Internal Security, Libyan External Security, Mu'Ammar Al-Qadhafi,

Abdallah Al-Sanusi, and Ibrahim Al-Bishari's Motion to Dismiss Duplicative Complaint, and the

papers filed in support thereof, Plaintiffs' papers filed in opposition thereto, and the entire record

herein, it is hereby

ORDERED, that Defendants' Motion to Dismiss is GRANTED, and the Plaintiffs shall

elect, no later than 15 days after the date of this Order, which of the *Lloyds I* or *Lloyds II* actions

shall proceed.  Following Plaintiffs' election, the Court shall dismiss with prejudice the action

that Plaintiffs have elected for dismissal.


SO ORDERED this _____ day of _____, 2008


_____
Judge Gladys Kessler
U.S. District Court for the District of Columbia