**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| Certain Underwriters at Lloyds London, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Great Socialist People's Libyan Arab Jamahiriya, *et al.*, <br><br> Defendants. | Civil Action No. 06-00731 (GK) |
| Certain Underwriters at Lloyds London, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Socialist People's Libyan Arab Jamahiriya, et al. <br><br> Defendants. | Civil Action No. 08-cv-504 (GK) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
DUPLICATIVE COMPLAINT**

COME NOW the Plaintiffs, by and through counsel, and hereby file their Opposition to the Libyan Defendants' Motion to Dismiss Duplicative Complaint. In their motion, the Defendants argue that the Court should dismiss either the Second Amended Complaint in *Certain Underwriters v. Socialist People's Libyan Arab Jamahiriya*, No. 06-cv-00731 (Dkt. Entry #52) ("*Certain Underwriters I*") or the Complaint in *Certain Underwriters v. Socialist People's Libyan Arab Jamahiriya,* No. 08-cv-504 (Dkt. Entry #

1) ("*Certain Underwriters II*").  The interests of all parties, however, will be best protected and judicial economy will best be served if the Court denies Defendants' Motion to Dismiss and grants Plaintiffs' Motion to Consolidate, (Dkt Entry #17), the *Certain Underwriters II* matter with the *Certain Underwriters I* matter.

## ARGUMENT

As the Defendants' Motion correctly sets forth, on March 28, 2008, this Court granted the Plaintiffs' leave to file an Amended Complaint in the *Certain Underwriters I* matter.  The Amended Complaint asserts allegations under 28 U.S.C. § 1605A.  In their motion requesting leave, the Plaintiffs argued that the National Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181, 122 Stat. 3, 338-344 (2008) ("NDAA"), Sec. 1083 allowed them to file an amended complaint.

In addition, in order to fully protect their rights to proceed under the new cause of action created by 28 U.S.C. §1605A(c), Plaintiffs filed the new *Certain Underwriters II* complaint on March 24, 2008.  The new *Certain Underwriters II* complaint does not rely on the statutory construction of the NDAA in Sec. 1083(c) to permit the Court to give the case the effect of having been brought under 28 U.S.C § 1605A(c), rather it was filed as a new related action to *Baker v. Great Socialist Libyan Arab Jamahirya, et al.* , CA. No. 03-749-GK and the *Certain Underwriters I* case, within the statutory time period permitted by the NDAA.  Plaintiffs were compelled to file the *Certain Underwriters II* matter when they did because of (1) the statutory time requirements imposed by Public Law No. 110-181, Sec. 1083(c)(3)(B), and (2) because Plaintiffs believed that the Defendants would challenge Plaintiffs' right in *Certain Underwriters I* to proceed under the new law by filing a Second Amended Complaint under Sec. 1083(c).

While the Defendants have argued that the *Certain Underwriters I* and *Certain Underwriters II* cases are entirely duplicative, that is not accurate because (1) *Certain Underwriters I* was amended pursuant to Sec. 1083(c) and *Certain Underwriters II* was brought as an entirely new action pursuant to a different provision of the NDAA, Sec. 1083(c)(3)(B) as a new related action to a previously filed 28 U.S.C. § 1605(a)(7) case, within the statutory time period permitted by the NDAA.[1]  When there is concern that complaints are duplicative, courts have the power to consolidate suits between the same parties concerning the same subject matter and often do so.  *Moncrief v. Kennedy*, 1988 U.S. App. LEXIS 18786 at *2 (D.C. Cir. 1988) (citing *Walton v. Eaton Corp.* 563 F.2d 66, 71 (3d Cir.1977)).  *See also*, *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. N.Y. 2000) (If there is a duplicative suit a court will commonly . . . consolidate the two actions.).

In the *Walton* case, which the Defendants rely on to support their argument for dismissal of either the *Certain Underwriters I* or *Certain Underwriters II* complaint, (Mot. Dismiss at 4), the court held:

> When a court learns that two possibly duplicative actions are pending on its docket, consolidation may well be the most administratively efficient procedure. If the second complaint proves to contain some new matters, consolidation unlike dismissal of the second complaint without prejudice or staying the second action will avoid two trials on closely related matters. If, on the other hand, the second complaint proves to contain nothing new, consolidation of the two actions will cause **no harm** provided that the district court carefully insures that the plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed.

---

[1] Public Law No. 110-181, Sec. 1083(c)(3)(B) which provides, in pertinent part, that if an action arising out of an act or incident has been timely commenced under section 1605(a)(7), as the *Baker v. Socialist People's Libyan Arab Jamahiriya* case was, then any other action arising out the same act or incident may be brought under section 1605A, provided that the related action was brought within 60 days of the enactment of the NDAA.  The NDAA was enacted on January 28, 2008, thus the *Certain Underwriters II* matter was brought within the requisite 60 day timeframe.

3

563 F.2d at 71 (emphasis added).  Here, the plaintiffs are not attempting to expand their procedural rights, nor are they attempting to circumvent the rules for amending a complaint.  To the contrary, Plaintiffs have followed the exact procedures explicitly prescribed by NDAA sec. 1083(c) and as same have now been affirmed in the recent decision of *Simon v. Republic of Iraq*, 529 F.3d 1187, 1191-93 (D.C. Cir. 2008).  In *Simon*, the D.C. Circuit issued a comprehensive opinion which addresses the application of NDAA and §1605A.  In *Simon*, the D.C. Circuit made several important holdings.  The Court found that in order to claim the benefits of the newly enacted § 1605A, plaintiffs must file "a new action under that new provision."  *Id*. at 119.

     These same Defendants have filed a motion to dismiss in other terrorism cases against them that challenges the constitutionality of the NDAA and § 1605A, arguing, in part, that the retroactive amendment mechanism of the NDAA and §1605A is unconstitutional, which would result in the dismissal of Plaintiffs' claims under 28 U.S.C. § 1605A in *Certain Underwriters I*.  Defendants will certainly file the same constitutional challenge in *Certain Underwriters I* if given the opportunity.  If Defendants prevail on this challenge, only Plaintiffs' claims in *Certain Underwriters II* will survive.

     Defendants however have advised the Court that they will seek to dismiss the *Certain Underwriters II* matter in a separate motion to dismiss.  Accordingly, this Court should not dismiss either *Certain Underwriters I* or *Certain Underwriters II* in the event that one of Defendants' challenges, which are based on different arguments, succeeds.   If the Defendants' challenge to the amendment mechanism utilized in *Certain Underwriters I* succeeds, Plaintiffs will need the *Certain Underwriters II* complaint to bring their cause of action under § 1605A against the Defendants.  If the Defendants' challenge to the

statutory mechanism utilized in *Certain Underwriters II* succeeds, Plaintiffs will need the *Certain Underwriters I* complaint to bring their cause of action under § 1605A against the Defendants. Plaintiffs, therefore, must be permitted to maintain both lawsuits until Defendants' substantive motions to dismiss have been finally resolved in order to ensure that Plaintiffs have not failed to assert all of their lawful rights.

Finally, the Defendants cannot argue that they are in any way prejudiced or unduly burdened if the Plaintiffs are permitted to proceed through a consolidation of the *Certain Underwriters I* and *Certain Underwriters II* matters, because the parties have agreed to proceed in a consolidated and efficient proceeding, should the Court not grant Defendants' Motion to Dismiss for duplicative reasons. Thus, all of the pleadings and decisions of the Court will apply in both cases, with no additional burden applying to any of the parties or the Court.

Plaintiffs therefore respectfully request the Court deny Defendants' Motion to Dismiss on the ground of duplicativeness and grant Plaintiffs' pending motion to consolidate the *Certain Underwriters II* matter with the *Certain Underwriters I* matter remaining as the senior matter.

August 26, 2008                    Respectfully Submitted,

**Counsel for the Plaintiffs**:

HEIDEMAN NUDELMAN & KALIK, PC
1146 19th Street NW, Fifth Floor
Washington, DC 2008
Telephone: 202.463.1818
Facsimile: 202.463.2999

By: _/s/Richard D. Heideman_____

   _/s/ Tracy Reichman Kalik_____
   Richard D. Heideman (No. 377462)

5

        Noel J. Nudelman (No. 449969)
        Tracy Reichman Kalik (No. 462055)

Steven R. Perles (No. 326975)
Edward MacAllister   (No. 494558)
THE PERLES LAW FIRM, PC
1146 19th Street, NW, 5th Floor
Washington, DC 20036
Telephone: 202-955-9055
Telefax:     202-955-3806


*Counsel for Plaintiffs*

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Certain Underwriters at Lloyds London, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Great Socialist People's Libyan Arab Jamahiriya, *et al.*, <br><br> Defendants. | Civil Action No. 06-00731 (GK) |
| Certain Underwriters at Lloyds London, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Socialist People's Libyan Arab Jamahiriya, et al. <br><br> Defendants. | Civil Action No. 08-cv-504 (GK) |

**<u>ORDER</u>**

This matter having come before the Court on Libyan Defendants' Motion to Dismiss Duplicative Complaint (Dkt. #74 and Dkt. #18,) and the Court having been sufficiently advised,

IT IS HEREBY ORDERED and ADJUDGED that Defendants motions are hereby DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Consolidate the *Lloyds II* action with the *Lloyds I* action (Dkt. #17) is hereby GRANTED and these matters are hereby consolidated for all further proceedings.

IT IS SO ORDERED on this the _____ day of _____, 2008.

_____
Hon. Gladys Kessler
United States District Court